**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MARVIN PINEDA-AGUILAR,               )
                                     )
          Petitioner,                )
                                     )
v.                                   )        Case No. CIV-26-871-J
                                     )
SCARLET GRANT, et al.,               )
                                     )
          Respondents.               )

## REPORT AND RECOMMENDATION

Petitioner Marvin Pineda-Aguilar, a noncitizen[1] and Salvadorean national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 2, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE") in the United States District Court for the Northern District of Texas. On April 21, 2026, the case was transferred to this Court. Doc. 4. United States District Judge Bernard M. Jones, II then referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 6. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of El Salvador, entered the United States on or about March 27, 2013, without admission or inspection.  Pet. at 4, 40.  He has resided in the country since then.  *Id*. at 4.  On January 30, 2026, ICE encountered Petitioner and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 4, 40, 47.  On February 18, 2026, he filed an Application for Asylum, Withholding of Removal and cancellation of removal.  *Id*. at 5, 13-38.[2]

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 2, 11.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited May 15, 2026).

---

[2] According to EOIR's online case portal, an IJ ordered Petitioner removed on April 17, 2026, and an appeal is currently pending.  *See* EOIR Automated Case Information, *at* https://acis.eoir.justice.gov/en/caseInformation (last accessed May 15, 2026); *see also* Doc. 14-1 (IJ's Order of Removal).

## II.    Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process**.  Petitioner alleges his detention violates his right to substantive and procedural due process.  Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his continued detention, when he is properly detained under 8 U.S.C. § 1226(a), violates the INA.  Pet. at 3, 6.

- **Count III: Violation of the Administrative Procedures Act ("APA")**.  Petitioner alleges his continued detention while removal proceedings are pending, when he is not subject to mandatory detention and does not pose a flight risk, violates the APA because it is arbitrary and capricious.  *Id.* at 6.

- **Count IV: Equal Access to Justice ("EAJA") Fees**.  Petitioner requests attorney's fees and costs under EAJA.[3]  *Id*. at 7.

He asks the Court to order his release "on an order of supervision and under reasonable conditions."  *Id.* (citation modified).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

## IV.    <u>Analysis</u>[4]

### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of the INA because "he is detained by Respondents pursuant to . . . § 1226(a)."  Pet. at 3, 6.  Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A).  Resp. at 1.

---

[4] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 4.  Respondents do not dispute Petitioner's assertion.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at \*2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Coreas*, 2026 WL 541151, at \*2. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that make any part of the statute superfluous." *Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at \*2 (W.D. Okla. Nov. 26, 2025) (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained

5

that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[5] This conclusion is also in accord with the Second, Sixth, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) urged by Respondents. *See Lopez-Campos v. Raycraft*, No. 25-1965, --- F.4th ---, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28,

---

[5] *See, e.g., Coreas*, 2026 WL 541151, at *2; *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt,* No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

2026).[6] *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A). *See Coreas*, 2026 WL 541151, at *2 (finding § 1226(a) governs a similarly situated petitioner's detention and agreeing with "the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings"); *accord Puentes-Puentes v. Grant*, No. CIV-26-192-J, 2026 WL 657199, at *2 (W.D. Okla. Mar. 9, 2026) (concluding "unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted" (citation modified)).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

---

[6] In a recent Seventh Circuit panel decision, Judge Lee rejected Respondents' interpretation of § 1225(b)(2), another judge adopted Respondents' position, and the third judge decided there was no basis to reach the issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th ---, 2026 WL 1223250, at *10-22, 27, 34-39 (7th Cir. May 5, 2026).

**B.     The proper remedy is a bond hearing.**

Petitioner does not seek relief in the form of a bond hearing but rather asks that the Court "order the release of [Petitioner] on an order of supervision and under reasonable conditions." Pet. at 7 (citation modified). However, consistent with the approach in other cases in this District, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).

As Judge Russell in this District has previously acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov*, 2026 WL 950130, at *1 (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Further, Petitioner has not alleged or provided evidence that he was previously detained and released under any provision.[7]

_____

[7] The undersigned acknowledges in some cases, Judges in this District have ordered or recommended release for noncitizens whose release was revoked absent evidence of materially changed circumstances. *See, e.g., Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation

Therefore, based on Petitioner's arguments and consistent with Judge Russell's approach, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).

> **C.    The Court should decline to address Petitioner's due process and APA claims.**

Petitioner also argues his continued detention without a bond hearing violates his right to due process and the APA.  Pet. at 6-7.  If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process or APA claims based on his continued detention.  *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[8]

## V.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

---

modified).  However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) at all.  Accordingly, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

[8]  Some Magistrate Judges in this District, including the undersigned, have started considering whether detention of similarly situated petitioners violates due process when those petitioners raise such a claim and seek a bond hearing specifically requesting the government bear the burden at such hearing to establish the petitioner's risk of flight or danger.  Here, the Petition neither requested burden shifting at a bond hearing nor alleged Petitioner was entitled to such burden shifting.  *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (declining to address the due process and burden shifting issue where it was not raised in the petition).  As such, any relief recommended in this case as the result of a due process violation would be limited to the same relief recommended for the INA violation, so the Court need not address it.  *See id.* at *1 (declining to address a similarly situated petitioner's due process claim).

bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received a lawful bond hearing within that period.    The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **May 22, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **May 28, 2026**. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

10