**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARVIN PINEDA-AGUILAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-871-J |
| | ) |
| SCARLET GRANT, et al., | ) |
| | ) |
| Respondents. | ) |

**<u>ORDER</u>**

Petitioner Marvin Pineda-Aguilar, a Salvadorean national, entered the United States in March 2013 and has resided in the country since that time.  In January 2026, Immigration and Customs Enforcement detained Petitioner and began removal proceedings.  Petitioner has now filed a 28 U.S.C. § 2241 Application for a Writ of Habeas Corpus, arguing in part that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA).[1]  [Doc. No. 2].  The matter was referred to United States Magistrate Judge Chris M. Stephens who has issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with a bond hearing, as required under 8 U.S.C. § 1226(a), within five business days or otherwise release him, and (2) order Respondents to certify compliance within seven business days.  (Rep. & Rec.) [Doc. No. 16].  Respondents filed a timely Objection (Obj.) [Doc. No. 17], triggering de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

---

[1] Petitioner also alleges that his detention without a hearing violates his due process rights and the Administrative Procedures Act.  [Doc. No. 2].  As it grants Petitioner relief under the INA, the Court declines to address these arguments.

On review, Judge Stephens concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, the INA requires Petitioner be provided a bond hearing.  *See* Rep. & Rec. at 4-9.

This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026).  In their objection, Respondents simply ask that the Court reconsider those many decisions.  *See* Obj. at 1-2.  However, unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Accordingly, the Report and Recommendation [Doc. No. 16] is ADOPTED and Petitioner's 28 U.S.C. § 2241 Application for a Writ of Habeas Corpus [Doc. No. 2] is GRANTED in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period.  Respondents shall certify compliance within seven business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 28th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

2